IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| LEON EUGENE SMALL, III, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 107-008 |
| ) | |
| DAVID L. FRAZIER, Warden, and ) | |
| ATTORNEY GENERAL OF THE STATE ) | |
| OF GEORGIA, ) | |
| ) | |
| Respondents. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner filed the above-captioned case pursuant to 28 U.S.C. § 2254. The petition is now before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1] For the reasons set forth below, the Court **FINDS** that the petition is time-barred by the applicable one-year statute of limitations. Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED**, that a final judgment be **ENTERED** in favor of Respondent, and that this civil action be **CLOSED**.

---

[1]Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## I. BACKGROUND

In September 2001, Petitioner pled guilty, in the Richmond County Superior Court, to a charge of statutory rape. (Doc. no. 1, p. 3). The state court subsequently sentenced Petitioner to 10 years' imprisonment.[2] (Id.). Petitioner did not appeal his conviction or sentence. (Id.). Subsequently, Petitioner filed a state habeas corpus petition in the Telfair County Superior Court, which was denied in 2005.[3] (Id. at 3-4). Thereafter, Petitioner filed an application for a certificate of probable cause to appeal in the Georgia Supreme Court, which was denied in 2006. (Id. at 4). Approximately eight months after the Supreme Court denied Petitioner's application, Petitioner filed the instant 28 U.S.C. § 2254 habeas petition. In his § 2254 petition, Petitioner argues, *inter alia*, that he was denied his right to appeal his guilty plea because, although he filed his notice of appeal within the statutory time period, the Clerk of the Richmond County Superior Court's "improper filing date" denied him the opportunity to pursue that appeal. (Id. at 6).

## II. DISCUSSION

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas

---

[2] Petitioner was sentenced to 10 years' incarceration with 5 years' probation.

[3] Petitioner did not state in his § 2254 petition the date on which he filed his state habeas petition. However, a review of Petitioner's application for a certificate of probable cause to appeal in the Georgia Supreme Court revealed that Petitioner's state habeas case number in the Superior Court was 03-509, thereby indicating that Petitioner's habeas petition was filed in 2003. See http://docketsearch.supreme.courts.state.ga.us/docket/DocketAdmin?docketNbr= S05H1890&cmd=docketDetails. Even giving Petitioner the benefit of the doubt and assuming that he filed his state habeas petition on January 1, 2003, his instant § 2254 petition is still untimely.

corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### A.   Finality of Petitioner's Conviction

Under 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Thus, Petitioner's conviction became "final" when the thirty (30) day period to appeal provided for by O.C.G.A. § 5-6-38(a) expired. Although the record does not reflect the exact date in September 2001, that the sentence imposed was memorialized in the Final Disposition of Sentence, the Court presumes that the Superior Court entered Petitioner's sentence within 30 days after Petitioner's sentencing date; thus, the 30-day time-period, set forth under

§ 5-6-38(a), in which Petitioner could appeal began in October 2001. Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000) (*per curiam*) ("The statute specifies that during direct appeal the tolling lasts until (or more accurately, the limitations period begins to run from) 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'"). Thus, the Court will presume that Petitioner's conviction became final sometime in November 2001.

**B.     Application of the Statute of Limitations**

Under the AEDPA, Petitioner had one year from November 2001, to file his federal habeas corpus petition. However, the Court recognizes that according to the provisions of 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction or other collateral review is pending in state court. Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003). Nevertheless, by the time Petitioner filed his state habeas petition in 2003, the one-year statute of limitations for filing a federal petition had already expired. Therefore, this statutory tolling provision of the AEDPA is of no help to Petitioner because he did not commence state habeas proceedings until after the one-year period had expired for filing a federal habeas petition, and therefore, no time period remained to be tolled. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)).

The AEDPA also describes three other situations which may delay or reset the one-year statute of limitations clock: where there is a newly discovered factual predicate for a

petitioner's claim which could not have been discovered earlier through the exercise of due diligence, where the State has created some "impediment" to filing the application, or where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2244(d)(1) (quoted *supra*). Here, Petitioner arguably asserts one of these possibilities for statutorily extending his federal filing deadline. Petitioner claims that the State created an "impediment" to seeking post-conviction relief because he was denied his right to appeal his guilty plea, as the Richmond County Superior Court Clerk's "improper filing date" precluded him from pursing his appeal.[4] (Doc. no. 1, p. 6). However, Petitioner fails to explain how being denied his right to pursue a <u>direct appeal</u> amounts to an unconstitutional impediment that prevented him from timely pursuing <u>federal habeas corpus relief</u>. That is, there is simply nothing in the record to suggest that the State put up an unconstitutional or otherwise illegal impediment to Petitioner timely filing for state habeas corpus relief, which, if filed within the AEDPA's one-year statute of limitations period for filing a federal habeas petition, would have tolled the limitations period for his federal petition. Because Plaintiff had the opportunity to file a state habeas action after his attempt to file a direct appeal was denied, which would have allowed Plaintiff to exhaust his state remedies[5] and thereafter timely file his federal habeas

---

[4] The Court notes that although Plaintiff did not specifically raise this issue as to the timeliness of his petition, the Court construes his argument as such.

[5] "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999) (explaining that the exhaustion doctrine, first announced in <u>Ex parte Royall</u>, 117 U.S. 241 (1886), is now codified at 28 U.S.C. § 2254(b)(1)).

5

petition, the State did not create an impediment for Plaintiff to timely file his <u>federal habeas petition</u>.

In sum, because (1) the current petition was filed more than one year after Petitioner's conviction became final, (2) Petitioner has not pointed to any other valid statutory ground for extending the deadline for filing his federal petition, and (3) Petitioner has not alleged any extraordinary circumstances to justify equitable tolling,[6] nor has he presented any arguments to support a claim of actual innocence,[7] Petitioner's § 2254 petition is time-barred by the AEDPA's one-year statute of limitations.

### III. CONCLUSION

For the reasons set forth above, Court **FINDS** that the instant petition for a writ of habeas corpus is time-barred and accordingly **REPORTS** and **RECOMMENDS** that this case be **DISMISSED**, that a final judgment be **ENTERED** in favor of Respondent, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 6th day of February, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[6] "Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." <u>Helton v. Sec'y for Dep't of Corr.</u>, 259 F.3d 1310, 1312 (11th Cir. 2001) (*per curiam*) (citing <u>Sandvik v. United States</u>, 177 F.3d 1269, 1271 (11th Cir. 1999)).

[7] A claim of actual innocence may warrant consideration of an otherwise untimely federal petition. <u>Wyzykowski v. Dep't of Corr.</u>, 226 F.3d 1213, 1218-19 (11th Cir. 2000).